Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN SPIES, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| | 1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |
| v. | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

WARREN SPIES ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. ("Defendant"):

- 1 -
PLAINTIFF'S COMPLAINT

# INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

# JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of California and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of California.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

# PARTIES

5. Plaintiff is a natural person residing in Santa Clara, California 95126.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 330 South Warminster Road, Ste. 353, Hatboro, Pennsylvania 19040.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

10.    Plaintiff has a cellular telephone number.

11.    Plaintiff has only used this phone number as a cellular telephone.

12.    Beginning in or around April 2016 and continuing through in or around May 2016, Defendant repeatedly called Plaintiff on his cellular telephone.

13.    Plaintiff knew the calls were coming from Defendant because the persons on the line stated the company's name.

14.    The persons on the line asked to speak with a third party named Ramona.

15.    Plaintiff told Defendant it was calling a wrong number when the calls first began and requested that the calls stop.

16.    Defendant heard and acknowledged Plaintiff's instruction to stop calling.

17. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

18. Once Defendant was aware Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

19. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff through to May 2016.

20. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

21. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

22. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant initiated repeated calls to Plaintiff's cellular telephone.

26. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

28. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

29. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

30. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

31. When Defendant called Plaintiff from around April of 2016 through around May of 2016, it knew no later than Plaintiff's instruction to stop calling in or around April of 2016 that it did not have prior express consent to call Plaintiff.

32. When Defendant called Plaintiff from around April 2016 through around May 2016, it knew it was placing calls to a cellular telephone.

33. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, WARREN SPIES, respectfully prays for a judgment as follows:

    a)    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b)    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c)    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d)    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e)    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WARREN SPIES, demands a jury trial in this case.

Respectfully submitted,

DATED: 1/28/19

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff